```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RAMON MENDEZ                    :    CIVIL ACTION
                                :
          v.                    :
                                :
COMMONWEALTH OF PENNSYLVANIA,   :
et al.,                         :    NO. 21-1780
```

MEMORANDUM

Bartle, J.                                    September  20, 2021

State prisoner Ramon Mendez, acting pro se, filed this action in the Court of Common Pleas of Montgomery County under 42 U.S.C. § 1983 and state law against the Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections, and individual correctional officers.  Defendants removed this action to this court.  Mendez alleges that his civil rights were violated when his prison work assignment was changed and his resulting grievances were denied.  Before the court is defendants' motion to dismiss Mendez's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Mendez has not filed any opposition.

I

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a

light most favorable to the non-movant." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555. The factual allegations in the complaint must be sufficient to raise a right to relief beyond mere speculation such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Because Mendez is proceeding pro se, the court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

II

The facts taken in the light most favorable to Mendez are as follows. He was incarcerated at SCI-Phoenix and worked as a medical janitor. In October 2019 he was reassigned from the infirmary in the psychiatric observation cell to a different area in the prison hospital.

Following his reassignment, Mendez filed a series of inmate grievances. In his first grievance, Mendez alleged correctional officer Steven Meredith had discriminated against him because of his race. Although Mendez attached some of his grievance forms with his complaint, this one is absent. In later grievances, Mendez accused Meredith and correctional officers Lieutenant Kysherald Patterson and Lieutenant Philip Washington of "offensive and abusive" behavior. When those grievances were denied, Mendez leveled two more grievances at Mandy Biser Sipple, the prison's Medical Deputy, over her failure to reprimand Meredith, Patterson, and Washington.

Mendez seeks monetary damages and declaratory relief:

(1) that defendants are liable under 42 U.S.C. § 1983 for violating his Eighth and Fourteenth Amendment rights;

(2) that defendants are liable for "the State Tort of intentional infliction of racial discrimination"; and

(3) that defendants are liable for "failure to provide Equal Protection from discrimination in violation of the Pennsylvania Constitution, statutory, common law, Eighth and Fourteenth Amendment."

### III

First, the court will dismiss the claims against the Commonwealth, the Department of Corrections, and all individual defendants acting in their official capacities. State actors sued in their official capacities for money damages are not

"persons" who can be sued under § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 69-71 (1989).

The claim against Sipple in her personal capacity must also be dismissed because Mendez does not allege facts showing her personal involvement in any of the alleged constitutional violations.  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).  He simply maintains she failed to reprimand certain correctional officers for their conduct toward him.

The remainder of Mendez's complaint--claims against individual defendants Washington, Patterson, and Meredith in their personal capacities--must be dismissed.  Mendez's prison job reassignment does not violate the Eighth Amendment.  "For an alleged deprivation to rise to the level of an Eighth Amendment violation, it must result in the denial of the minimal civilized measure of life's necessities."  Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  These necessities include "food, warmth, or exercise."  Wilson v. Seiter, 501 U.S. 294, 304 (1991).  By contrast, a prison job placement is not a life necessity.  See, e.g., Marsh v. Link, 330 F. Supp. 3d 1045, 1049 (E.D. Pa. 2018) (citing Watson v. Sec'y Pa. Dep't of Corr., 567 Fed. App'x 75, 78 (3d Cir. 2014)).  Thus, the Eighth Amendment claim of Mendez over his job reassignment is not viable.

Mendez also has a claim for "equal protection." However, he does not allege facts underlying this claim that are sufficiently specific to withstand dismissal.  To plead a § 1983 equal protection claim, a plaintiff "must allege that a state actor intentionally discriminated against him because of his membership in a protected class."  Lande v. City of Bethlehem, 457 F. App'x 188, 192 (3d Cir. 2012).  This requires the plaintiff to allege facts showing that the state actor had discriminatory intent.  Here, the court cannot discern from Mendez's complaint any facts giving rise to any inference that any individual defendant intended to disadvantage Mendez based on his race.  Rather, in his complaint, he groups the individual defendants together and vaguely asserts that they violated his rights.  His generalized, unclear allegations are far too amorphous to state a § 1983 equal protection claim. Despite his inartful pleading, the court will allow Mendez to file an amended complaint on or before October 4, 2021 with respect to this claim.  See Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000).

Mendez also pleads claims under Pennsylvania law, including the "state tort of intentional infliction of racial discrimination."  Because Mendez's federal claims under § 1983 fail and the court lacks original jurisdiction over his state-law claims under 28 U.S.C. § 1332, the court will decline

to exercise supplemental jurisdiction over Mendez's state-law claims at this stage. 28 U.S.C. § 1367(c); see, e.g., Hall-Wadley v. Maint. Dep't, 386 F. Supp. 3d 512, 519 (E.D. Pa. 2019).  Absent a curative amendment, he may refile them in the appropriate state court.