```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAMON MENDEZ                     :        CIVIL ACTION
                                 :
          v.                     :
                                 :
COMMONWEALTH OF PENNSYLVANIA,    :
et al.,                          :        NO. 21-1780
```

MEMORANDUM

Bartle, J.                                        August 25, 2022

Pro se plaintiff Ramon Mendez, a state prisoner, has filed an action against three correctional officers, defendants Steven Meredith, Kysherald Patterson, and Philip Washington.[1] Mendez alleges that defendants violated his rights under the Fourteenth Amendment equal protection clause, Title VII of the Civil Rights Act, 42 U.S.C. § 2000a, et seq., the Eighth Amendment, and the due process clauses of the Fourteenth Amendment and the Pennsylvania Constitution. Defendants move to dismiss Mendez's amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

---

1. In his initial complaint, Mendez named the Commonwealth of Pennsylvania as a defendant along with its Department of Corrections and "SCI-Phoenix." The court dismissed each of these defendants as improper defendants in a § 1983 action. Mendez, 2021 WL 4262316, at *2. Mendez's amended complaint only names the three individual correctional officer defendants.

2. Although Mendez has not filed an opposition to this motion, the court still must conduct an "analysis of the merits of the underlying complaint." Husick v. Allegheny Cty., 304 F. App'x 977, 979 (3d Cir. 2008) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)).

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555. The factual allegations in the complaint must be sufficient to raise a right to relief beyond mere speculation such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Because Mendez is proceeding pro se, the court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

Mendez originally filed this action in the Court of Common Pleas of Montgomery County. Defendants removed the action to this court. In Mendez's original complaint, he

asserted claims pursuant to 42 U.S.C. § 1983 under the Eighth Amendment and the Fourteenth Amendment equal protection clause as well as claims under Pennsylvania law.  On September 20, 2021, the court dismissed Mendez's complaint for failure to state a claim.  Mendez v. Pennsylvania, Civ. A. No. 21-1780, 2021 WL 4262316 (E.D. Pa. Sept. 20, 2021).  The court permitted Mendez leave to file an amended complaint specifically with respect to his equal protection claim.  Id. at *2.  The court otherwise dismissed all of Mendez's claims under the federal constitution with prejudice.  See Doc. # 6.  The court further declined to exercise supplemental jurisdiction over Mendez's claims under Pennsylvania law.  Mendez, 2021 WL 4262316, at *2.

The facts alleged in Mendez's amended complaint are accepted as true for present purposes.  In 2019 while Mendez was incarcerated at SCI-Phoenix, he worked as a janitor in the prison infirmary.  Defendant Meredith is a correctional officer at SCI-Phoenix.  At some point while Mendez was working, Meredith said to him, "get the f*** out of medical, you Puerto Rican mother f*****."  Mendez claims that thereafter he was fired from his prison job, although his grievance forms attached with his complaint indicate he was reassigned to work in a different part of the prison's medical wing.  Mendez asserts that Meredith has a "personal preference" for African American inmates to work in the infirmary.  Defendants Patterson and

-3-

Washington are correctional officer supervisors at SCI-Phoenix. Mendez alleges they are liable for "condoning the actions in ignoring, failing to address and correct the unprofessional and unethical conduct of Defendant Meredith." As noted above, Mendez asserts in his amended complaint that defendants variously have violated his rights under the Fourteenth Amendment equal protection clause, Title VII of the Civil Rights Act, 42 U.S.C. § 2000a, the Eighth Amendment, and the due process clauses of the Fourteenth Amendment and the Pennsylvania Constitution.[3]

The court will dismiss Mendez's claims against Patterson and Washington for failure to allege their personal involvement in any constitutional harm. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). "[S]upervisory authority, standing alone, cannot support liability under § 1983." Mack v. Clark, Civ. A. No. 21-4, 2022 WL 2669510, at *5 (W.D. Pa. July 11, 2022); see also Iqbal, 556 U.S. at 677. Our Court of Appeals has identified two ways in which a supervisory official may be liable for the unconstitutional acts of subordinates. First, supervisors may be liable if they, "with deliberate indifference to the consequences, established and maintained a

---

3.  As Mendez's pleadings must be construed liberally, the court presumes Mendez intends to assert his federal constitutional claims pursuant to 42 U.S.C. § 1983, which he explicitly referenced in his original complaint.

-4-

policy, practice or custom which directly caused [the] constitutional harm." A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (citation omitted).  Mendez has not alleged that Meredith directed profanity toward him as part of a policy established by Patterson or Washington.  Second, a supervisor is liable under § 1983 only "if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct at the time it occurred. Id.  Here, Mendez alleges that Patterson and Washington merely failed to reprimand Meredith over his use of profanity after it occurred.  As he does not allege that Patterson or Washington directed Meredith to use profanity toward him or that either had knowledge of Meredith's conduct at the time it occurred, he has failed to state a claim of § 1983 supervisory liability against these two defendants.

The court will also dismiss Mendez's equal protection claim against Meredith.  As a preliminary matter, Mendez never alleges Meredith has any authority to terminate Mendez from his job as a janitor, reassign him within the prison's medical wing, or has any control over the terms and conditions of his work assignments.  Moreover, to prevail on an equal protection claim, Mendez must show that he "received different treatment than

-5-

other similarly situated persons." Kasper v. Cty. of Bucks, 514 F. App'x 210, 214 (3d Cir. 2013) (citing Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990)).  Mendez does not identify in his amended complaint any other inmates whom Meredith treated differently.  The only mention of similarly situated inmates in Mendez's amended complaint is his assertion that Meredith has a "preference" for African American inmates.  He does not support this assertion with specific, factual allegations concerning Meredith's bias.  The court cannot credit his conclusory assertion.  See id. at 215.  Accordingly, Mendez has not supplied sufficient facts to state a claim for a violation of his right to equal protection under the Fourteenth Amendment.  See, e.g., Day v. Ibison, 530 F. App'x 130, 134 (3d Cir. 2013) (citing Equity in Athletics, Inc. v. Dep't of Educ., 639 F.3d 91, 108 (4th Cir. 2011)).

The remainder of Mendez's claims against Meredith must also be dismissed.[4]  Mendez's claim under the Eight Amendment must be dismissed because the loss of a prison job placement does not implicate the Eighth Amendment.  See, e.g., Marsh v. Link, 330 F. Supp. 3d 1045, 1049 (E.D. Pa. 2018) (citing Watson v. Sec'y Pa. Dep't of Corr., 567 F. App'x 75, 78 (3d Cir. 2014)

---

4.  Mendez was granted leave to amend his complaint only as it relates to his equal protection claim.  See Mendez, 2021 WL 4262316, at *2; Doc. # 6.  Still, the court will briefly address his remaining claims.

(per curiam)).  Mendez's claims under the due process clause of the Fourteenth Amendment must be dismissed because a prisoner lacks a constitutionally protected interest in continued employment at a prison job.  E.g., Presbury v. Wenerowicz, 472 F. App'x 100, 101 (3d Cir. 2012) (per curiam) (citing James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989)).  Mendez may not assert a claim under Title VII because that statute offers no protection to prisoners.  E.g., Wilkerson v. Samuels, 524 F. App'x 776, 779 (3d Cir. 2013) (per curiam) (citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)).  Finally, because Mendez's federal claims are being dismissed, and the court lacks original jurisdiction over his state-law claims under 28 U.S.C. § 1332, the court will decline to exercise supplemental jurisdiction over Mendez's claims under state law.  28 U.S.C. § 1367(c); see, e.g., Hall-Wadley v. Maint. Dep't, 386 F. Supp. 3d 512, 519 (E.D. Pa. 2019).

For the foregoing reasons, the court will grant the motion Steven Meredith, Kysherald Patterson, and Philip Washington to dismiss the amended complaint of pro se plaintiff Ramon Mendez under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

There is one final matter.  "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be

inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). The court did grant Mendez an opportunity to file an amended complaint on the issue of equal protection. The court finds it would now be futile to permit Mendez another opportunity to replead his equal protection claim. Mendez has "already had two chances to tell his story." Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019). Furthermore, a second amendment "would needlessly compound costs and burdens of this particular litigation for all parties." Neff v. Comm'rs of Schuylkill Cty., Civ. A. No. 21-993, 2022 WL 896877, at *6 (M.D. Pa. Feb. 25, 2022), report and recommendation adopted, 2022 WL 891426 (M.D. Pa. Mar. 25, 2022). Accordingly, the court will not permit Mendez leave to file a second amended complaint.